**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

___

MATTHEW DEMPSEY,

                              Plaintiff,

         -vs-                                            09-CV-6023-CJS

MICHAEL J. ASTRUE,                                   DECISION and ORDER
Commissioner of Social Security

                              Defendant.

___

**INTRODUCTION**

Before the Court is the Commissioner's motion for remand. Relying on sentence six of 42 U.S.C. § 405(g), the Commissioner seeks an Order remanding the case to the Administrative Law Judge ("ALJ") for a *de novo* hearing because "critical portions of the recording of the hearing held on July 17, 2008 are inaudible." (Commissioner's Mem. of Law at 2.) Plaintiff Matthew Dempsey ("Dempsey") has not submitted documents in support of or opposition to this motion. For the reasons that follow, the Commissioner's application is granted.

**BACKGROUND**

The Court does not have the benefit of a record on appeal in this matter, and the following background information is taken from the complaint.[1] Dempsey alleges that he suffers from chronic pain and limited mobility as well as severe depression and that his disability began on January 18, 2004. (Compl. ¶¶ 5–6.) He further alleges that his

___

[1] Attached to the complaint is only part of the ALJ's decision (pages 5–10).

application was denied, and he appeared before an ALJ for a hearing on July 17, 2008. The ALJ denied his application for benefits on July 29, 2008. (*Id.* ¶¶ 7–8.)

On January 15, 2009, Dempsey filed a complaint with this Court. The Commissioner has not filed an answer to the complaint, but on June 16, 2009, moved for remand, contending that "[c]ritical portions of the recording of the hearing held on July 17, 2008 are inaudible." (Commissioner's Mem. of Law at 2.) The Court issued a motion scheduling order on July 15, 2009, setting oral argument for October 8, 2009, and directing that any written response to the Commissioner's motion be file by September 4, 2009. To date, Dempsey has filed no written response. On October 8, 2009, Dempsey appeared, as did counsel for the Commissioner. The Court set a further date of November 20, 2009, to permit counsel for the Commissioner to answer the question of how the Appeals Council could review the case without a record.

**ANALYSIS**

Sentence six of 42 U.S.C. § 405(g) reads: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." The question at hand is whether missing or inaudible portions of the hearing constitutes "good cause" within the meaning of the statute. The Court finds that it does.

A federal court may remand a social security case pursuant only to the fourth and sixth sentences of §405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991). Before a court can consider remand, sentence six of §405(g) requires (1) a motion of the

-2-

Commissioner (2) made for good cause shown (3) before the filing of an answer. *Gamble v. Apfel*, CIVIL ACTION 00-0646-RV-S, 2000 U.S. Dist. LEXIS 19791, 2001 WL 102344 (S.D. Ala. Nov. 21, 2000) (Magistrate Judge's Report and Recommendation), *adopted by district court Gamble v. Apfel*, CIVIL ACTION NO. 00-0646-RV-S, 2001 U.S. Dist. LEXIS 1560, 72 Soc. Sec. Rep. Service 302 (S.D. Ala. Jan. 5, 2001).

Here, the Commissioner did file a motion to remand prior to filing an answer. Therefore, the question before this Court is whether good cause was shown. While the second circuit has yet to address this issue, the Fifth Circuit looked to the statute's legislative history for the answer. *Dudley v. Astrue*, 246 Fed. Appx. 249, 2007 WL 2179457 (5th Cir. Jul. 30, 2007). The *Dudley* panel, as well as the the Commissioner's brief, cite the joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980, which plainly demonstrates that Congress intended a lost record to constitute good cause for remand:

> "[T]here are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed…good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the court may review.

*Dudley*, 246 Fed. Appx. at 252 (quoting *Evangelista v. Secretary of Health and Human Serv.*, 826 F.2d 136, 141 (1st Cir. 1987) (quoting H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 59, reprinted in 1980 U.S. Code Cong. & Ad. News 1277, 1407)). Based on this precedent, the Court determines that the Commissioner has demonstrated good cause for

this Court to exercise its discretion in remanding this action to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. §405(g).

**CONCLUSION**

The Commissioner's motion (Docket No. 5) to remand this matter pursuant to the sixth sentence of 42 U.S.C. § 405(g) is granted. The Clerk is directed to keep this case open and the Commissioner is directed to file a status report with the Court on May 7, 2010, and every third month thereafter (*e.g.* August 6, November 5, *etc.*) until the case is returned to the Court.[2]

IT IS SO ORDERED.

Dated: March 4, 2010
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[2] The Court specifically refers to I-4-3-40(A) of the Hearings, Appeals and Litigation Law Manual (HALLEX), which provides, *inter alia*, "Failure to meet a court-imposed time limit can result in sanctions being imposed by the court, including finding the Commissioner in contempt of court."